IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANDREW J. CHERRONE, JR., | ) |
| Petitioner, | ) ) ) |
| vs. | ) CAUSE NO. 3:11-CV-409 ) |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the court on the Petitioner's motion for leave to conduct discovery. The court now **DENIES** the Petitioner's motion for leave to conduct discovery (DE 2).

A habeas corpus applicant may not conduct discovery without specific leave of court, which may only be granted in limited circumstances, 28 U.S.C. § 2254(d)(2), none of which apply here. The petitioner seeks discovery of materials he says he was not allowed to view before or at his disciplinary hearing. In its collateral review of prison disciplinary proceedings under § 2254, this Court must examine the hearing board's record for alleged constitutional errors. *See Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988). *cert. denied*, 489 U.S. 1088 (1989). This court does not, however, sit as a trier *de novo* in prison disciplinary proceedings or as a court of common law review, *Cain v. Lane*, 857 F. 2d 1139, 1140 (7th Cir. 1984). Accordingly, the court now **DENIES** the petitioner's motion for leave to conduct discovery (DE 2).

**DATED: December 28, 2011**              /S/RUDY LOZANO, Judge
                                          **United States District Court**